**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVID HIGHTOWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:25-cv-00138-JMB |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff David Hightower, an inmate at Missouri Eastern Correctional Center (MECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the motion is granted and plaintiff will be assessed an initial partial filing fee of $8.20. On initial review of the amended complaint, the case is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his certified inmate account statement from the Missouri Department of Corrections from June 11, 2024 to December 11, 2024. Based on this information, the Court determines his average monthly deposit is $41.00. The Court will charge plaintiff an initial partial filing fee of $8.20, which is twenty percent of his average monthly deposit.

### Legal Standard on Initial Review

The Court is required to review a complaint filed without full payment of the filing fee and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The

Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## The Complaint

Plaintiff brings this § 1983 civil rights action arising out of a conduct violation he was issued at MECC on February 19, 2024. Plaintiff sues the State of Missouri and the following MECC employees: (1) Samuel Jones, Correctional Officer (CO); (2) Zachary J. Cadenbach, CO; (3) Jason Bell, FUM; (4) Denise Hembrock, Deputy Warden; and (5) Unknown Wheeler, Case Manager. He sues all defendants in their official capacities only.

Plaintiff states that on February 19, 2024, he was in a classroom at MECC for study hall when he and another student were taken out of class and strip searched. When the two arrived at the "strip out" area, another offender was already being searched. Plaintiff states that during his strip search, no contraband was found and he was released. Later, plaintiff argued with Lt. Jones. Shortly after this argument, Sgt. Cadenbach found drugs in the strip search area and instructed his staff to lock up plaintiff. Plaintiff states that the drugs were never tested. He was found guilty at a hearing of being out of bounds and in possession of a K3, a controlled substance. Defendants ordered plaintiff to be placed in segregation and suspended from his prison education program.

Plaintiff seeks to have the conduct violation removed, defendants terminated from MDOC, compensation for lost property, $250,000 in compensatory damages, and punitive damages. He asks to be seen by a doctor, although it is not clear his physical injuries.

## Discussion

*(A)    Defendant State of Missouri*

Plaintiff's claim against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). For these reasons, plaintiff's claim against the State of Missouri will be dismissed.

(B)     Individual Defendants

(1)     Official Capacity Claims

The remaining defendants are all individuals employed as custodial staff at MECC. On the form complaint, plaintiff has checked the box and affirmatively selected to sue these defendants only in their official capacities. "[A]s a suit against a government official in his official capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named." *King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018); *see also Reynolds v. Cook*, 2025 WL 670428, *1 (8th Cir. Mar. 3, 2025) (distinguishing cases in which plaintiff affirmatively selects to sue defendants in their official capacities from cases in which the plaintiff is silent as to capacity). To prevail on an official capacity claim, plaintiff must establish the State of Missouri's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). This requires alleging that the constitutional violations resulted from

"(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged that any constitutional violation resulted from an official policy, unofficial custom, or a failure to train or supervise. Rather, he alleges the constitutional violations resulted from defendants' failure to follow the policies of the Missouri Department of Corrections.

Because plaintiff has affirmatively sued the individual defendants only in their official capacities, and because has not alleged any unconstitutional policy, custom, or failure to train on the part of the State of Missouri, the Court will dismiss his claims against the individual defendants.

### (2) Unpleaded Individual Capacity Claims

Even if plaintiff had brought his claims against the individual defendants in their individual capacities, however, his claims would still be subject to dismissal. He complains that he was denied due process because prison officials did not follow MDOC policies with regard to searching, removing, and logging controlled substances; initiating a chain of custody; and testing controlled substances. *See* ECF No. 1-3 at 4-10.

Despite plaintiff's assertion, there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Inmates do not have a constitutional interest in seeing that Missouri prison policies are followed. Plaintiff also does not have a liberty interest in remaining free of disciplinary segregation. The Supreme Court has held that discipline in segregated confinement does not present the type of atypical and significant deprivation that would implicate constitutional liberty interests. *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995). Without a constitutional liberty interest at stake, plaintiff is not afforded due process protections. *Phillips*, 320 F.3d at 846; *see*

*also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not").

Plaintiff has not alleged that his disciplinary segregation was of an atypical duration or degree that would implicate a constitutional liberty interest. *Id.*; *see also Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) ("We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."). Therefore, even if plaintiff were to amend his complaint to name the individual defendants in their individual capacities, his claims would be subject to dismissal for failure to state a claim under 28 U.S.C. § 1915.

For these reasons, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $8.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 2]

An Order of Dismissal will accompany this Opinion, Memorandum and Order

Dated this 22nd day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE