**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVID HIGHTOWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00138-JMB |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff David Hightower's undated letter to the Court, received on July 14, 2025, which the Court construes as both (1) a Motion for an Extension of Time to File a Notice of Appeal, and (2) a Notice of Appeal (Doc. 8).[1] For the following reasons, the Court grants Plaintiff an extension of time to file his notice of appeal, construes the filing as a notice of appeal, and orders Plaintiff to file his prisoner account statement for the past six months.

In his motion, Plaintiff states that he seeks to file a notice of appeal of the Court's May 22, 2025 Order of Dismissal. He states that although the Order of Dismissal issued on May 22, 2025, his penal institution held his legal mail and he did not receive a copy until June 25, 2025. He attaches to his motion a copy of Missouri Eastern Correctional Center's (MECC) "Legal Mail

---

[1] Plaintiff's letter was docketed as a Notice of Appeal instead of a Motion for an Extension of Time to File a Notice of Appeal. *See* Doc. 8. The Eighth Circuit Court of Appeals has processed the letter as a Notice of Appeal, and has remanded this case for calculation and collection of appellate filing fees. *See* Doc. 11.

Tracking Log," which shows that the institution received mail from the Court to David Hightower on June 20, 2025.[2]

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, this Court may extend the time for filing a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the "party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

The Court dismissed Plaintiff's case pursuant to 28 U.S.C. § 1915(e) on May 22, 2025. Under Rule 4(a)(1)(A), Plaintiff's notice of appeal was due to be placed in the mail system at MECC no later than June 23, 2025. Under Rule 4(a)(5), Plaintiff had until July 23, 2025, to file a motion for an extension of time to file his notice of appeal. Plaintiff filed the instant motion seeking an extension of time to file a notice of appeal on or before July 10, 2025, which is the date stamped on his envelope. *See* Doc. 8 at 3. His motion for an extension of time is timely under Rule 4(a)(5). In his motion, he explains that the prison did not deliver his legal mail until June 25, 2025, which is supported by the attached MECC mail logbook entry. For good cause shown, the Court grants Plaintiff's motion for additional time to file his notice of appeal.

Under Federal Rule of Appellate Procedure 4(a)(5)(C), Plaintiff has 14 days after the date of this Order to file his notice of appeal. The Court notes, however, that the Eighth Circuit Court of Appeals has processed this appeal, and has remanded the case for calculation and collection of

---

[2] Although Plaintiff states he signed for his legal mail on June 25, 2025, the tracking log reflects only that mail from the Court to Plaintiff was received on June 20, 2025. At the top of the tracking log, there is a handwritten notation of "June 25," which might be the date the mail was forwarded to Plaintiff. *See* Doc. 8 at 2.

2

appellate filing fees pursuant to *Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997). *See* Doc. 11. Therefore, the Court construes Plaintiff's motion as his notice of appeal.

In light of Plaintiff's notice of appeal, appellate filing fees in the amount of $605 are assessed in this matter. *See Henderson*, 129 F.3d at 485 ("When a district court receives a prisoner's notice of appeal in a prisoner's civil action, it shall assess the . . . appellate filing fees and process the appeal in ordinary course."). Pursuant to *Henderson*, no later than October 30, 2025, Plaintiff shall file an updated copy of his prison account statement (or institutional equivalent) for the past six months. *See Henderson*, 129 F.3d at 484 (outlining the process by which the assessed fees are calculated and collected).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's letter to the Court received July 14, 2025, which the Court construes as both a (1) Motion for an Extension of Time to File a Notice of Appeal, and (2) a Notice of Appeal, is **GRANTED**. Doc. [8]

**IT IS FURTHER ORDERED** that no later than **October 30, 2025**, Plaintiff shall file an updated certified copy of his prison account statement (or institutional equivalent) for the past six months.

Dated this 15th day of September, 2025.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE